Case 8:21-mj-02809-GLS   Document 3   Filed 01/07/22   Page 1

☑ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

Jan 07, 2022

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___MD___ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF:

**2007 Black Volvo S40, bearing New Mexico Temporary Registration Permit 21T-294896**

Case No.  GLS-21-2809

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, John M. Eliff, a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a 2007 black Volvo S40, bearing New Mexico Temporary Registration Permit 21T-294896 registered to DOMINGUEZ CORDOVA, hereinafter the "**TARGET VEHICLE**," further described in Attachment A, for the things described in Attachment B.

2. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a Police Officer with the Alexandria Police Department since July of 2007 and for the past seven years have been assigned to the Vice/Narcotics Section as a Detective. On March 20, 2017, I was federally deputized as a Task Force Officer (TFO) with the Drug Enforcement Administration's Washington Division Office

and is currently assigned to the High Intensity Drug Trafficking Area (HIDTA) Northern Virginia Drug Initiative.

3. During my tenure as a law enforcement officer, I have participated in the application for and execution of numerous State and Federal search warrants in the investigation of narcotics and organized crime related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, drugs proceeds in the form of bulk U.S. currency, weapons, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and has obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the methods used by traffickers of controlled substances and the nature and appearance of illegal narcotics. I have received extensive training in drug identification, drug distribution methods, and drug enforcement techniques from various federal, state, and local agencies, including the Northern Virginia Criminal Justice Academy, the Virginia Department of Criminal Justice, the Drug Enforcement Administration, and the Federal Bureau of Investigation, among others.

4. Based on this experience, I have become knowledgeable of the methods and modes of narcotics operations, and the language and patterns of drug abuse and trafficking. During the course of my participation in investigations of narcotics trafficking organizations, I have testified in trial, grand jury proceedings, and at preliminary hearings. Through my employment with the Alexandria Police Department and tenure with the DEA as a Task Force Officer, I have gained knowledge in the use of various investigative techniques, including the utilization of wiretaps, physical surveillance, undercover agents, confidential informants, cooperating witnesses, the controlled purchases of illegal narcotics, electronic surveillance, consensually monitored

recordings, investigative interviews, financial investigations, the service of administrative and grand jury subpoenas, and the execution of search and arrest warrants.

5. All information in this affidavit is either personally known, has been relayed to me by other law enforcement officers and/or confidential sources, or has been relayed to me by records and documents gathered during this investigation, court-authorized GPS location data, controlled purchases of illegal drugs, physical surveillance, and other information gathered during the course of this investigation. This affidavit contains information necessary to support probable cause for the search warrant. It is not intended to include each and every fact and matter observed by me or known to the government. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the search warrant requested herein.

6. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that a search of the **TARGET VEHICLE** will lead to evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 ("TARGET OFFENSES"), as further described in Attachment B.

## PROBABLE CAUSE

7. In January of 2020, agents with the Drug Enforcement Administrations (DEA) began an investigation into the drug trafficking activities of Santiago GAMBOA-SAENZ (herein referred to as GAMBOA-SAENZ). GAMBOA-SAENZ was identified as a cell head and leader of a Drug Trafficking Organization (DTO), based in Kansas, which was responsible for importing and distributing large quantities of cocaine from Mexico into the United States. The cocaine

imported by the DTO entered the country at the border in New Mexico and was distributed to various locations throughout the United States, including in the District of Maryland.

8.  Through their investigation, law enforcement learned that this DTO utilizes vehicles containing "traps" or hidden compartments to store and transport their illegal narcotics and/or U.S. currency. The "traps" utilized by this DTO have been as simple as the natural voids found in each vehicle and as sophisticated as a mechanical device which requires the user to input a detailed sequence of events prior to accessing a hidden compartment within the vehicle. Post-arrest interviews with members of the DTO have indicated that this DTO utilizes false radiators, false second floors, and voids near the gas tank and in the vehicle's framework to conceal their narcotics or illegally obtained U.S. currency. I know through my training and experience that "traps" or hidden compartments are a very common way DTOs transport illegal narcotics and U.S. currency.

9.  On August 24, 2021, GAMBOA-SAENZ and 14 other co-conspirators were charged, via criminal complaint, in the District of Kansas with Conspiracy to Distribute 5 Kilograms or more of Cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii), and 846 (District of Kansas case number 21-mj-08173-TJJ). On September 22, 2021, these same 15 individuals were charged, via indictment, in the District of Kansas with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or more of Cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii), and 846 (District of Kansas case number 21-20052-DDC/TJJ).

10. On September 2, 2021, investigators conducted an arrest operation targeting GAMBOA-SAENZ and another co-conspirator, Maria COTA (herein referred to as "COTA"). COTA had been identified as GAMBOA-SAENZ's girlfriend and was responsible for maintaining

drug and money ledgers for the DTO. Additionally, GAMBOA-SAENZ and COTA have a young child in common. GAMBOA-SAENZ and COTA were located inside a hotel room of the Country Suites and Inn in Capitol Heights, Maryland. Located in the hotel room were drug and money ledgers, a small amount of suspected cocaine, and $10,000 in U.S. currency. Also located in the room where the keys to the **TARGET VEHICLE** and a 2021 Cadillac Escalade.

11. Following their arrest, COTA gave law enforcement consent to search the **TARGET VEHCILE** and the white 2021 Cadillac Escalade, which were both parked in the hotel parking lot. During a post arrest interview, GAMBOA-SAENZ made statements to law enforcement about recently purchasing the **TARGET VEHICLE**. Following COTA's consent, law enforcement conducted a search of the interior compartments of the **TARGET VECHICLE** and the Cadillac Escalade. Subsequent searches of both vehicles were negative for contraband. Though it should be noted that the scope of these searches did not include disassembling any part of the **TARGET VECHILE** in an effort to locate a suspected "trap."

12. Later that day, a drug detection K9 was requested to perform a secondary search of the **TARGET VEHICLE**. The K9 was deployed inside the **TARGET VEHICLE** and the K9 handler informed agents that their K9 showed a behavior change indicating a positive alert in the area of the dashboard. As previously described, I know through my training and experience that it is common for drug traffickers, specifically drug traffickers that utilize vehicles which contain "traps" to conceal their illegal narcotics or illegally obtained currency in voids, either natural or manmade. It is also common for these "traps" to be located in difficult to reach locations, to include under the dashboard. This is all done in an effort to prevent detection and seizure by law enforcement.

13. Following the positive alert, the **TARGET VEHICLE** was transported, by law enforcement, to a secured parking lot controlled by the DEA, in the District of Maryland, where it is currently located.

14. Based on my training and experience, knowledge of this investigation, and conversations with other investigators, in conjunction with the totality of the circumstances, to include the drug detection K9's alert to the presence of narcotics in the area of the dashboard. I believe that probable cause exists to conduct a second search of the **TARGET VEHILCE** in an attempt to locate "traps" or natural voids that may contain narcotics, or other evidence of drug trafficking.

## CONCLUSION

15. I submit that this affidavit supports probable cause for a warrant to search the **TARGET VEHICLE** described in Attachment A, and seize the items described in Attachment B.

Respectfully submitted,

*John M. Eliff*
John M. Eliff
Task Force Officer
Drug Enforcement Administration

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this 28th day of October 2021.

*Gina L. Simms*
The Honorable Gina L. Simms
United States Magistrate Judge

# ATTACHMENT A

*Property to be searched*

A 2007 black Volvo S40, bearing New Mexico Temporary Registration Permit 21T-94896 and registered to Dominguez CORDOVA.

(Rear of Vehicle with License Plate Visible)



(Side of the Vehicle)



## ATTACHMENT B

*Property to be seized*

1. All items constituting evidence and/or instrumentalities of violations of 21 U.S.C. §§ 841(a) and 846 (the TARGET OFFENSES) including, but not limited to, the following:

    a. Controlled substances, packaging materials, drug paraphernalia, and items used in the sale, transfer, transportation and packaging of illegal narcotics substances, including but not limited to scales, butcher paper, plastic wrap, plastic bags, tape, cigarette papers, pipes, hypodermic needles and syringes, written articles on the use and effects of narcotics, diluents and cutting agents;

    b. Records and documents, receipts, notes, ledgers and other papers including any computerized or electronic records including cellular telephones and tablets, containing indicia of distribution of controlled substances or relating to the ordering, purchase or possession of controlled substances or firearms and evidence of drug proceeds and money laundering;

    c. Items used in the manufacture or preparation of controlled substances including but not limited to precursor chemicals, chemistry guides, glassware and flasks;

    d. Documents related to ordering, purchasing, storage, transportation and sale of controlled substances, including U.S. currency used in the purchase and sale of controlled substances, buyer lists, seller lists, pay-owe sheets and records of sales, log books, drug ledgers, personal telephone/address books of customers and suppliers, rolodexes, telephone answering pads, bank and financial records, records relating to domestic and foreign travel such as tickets, passports, visas, credit card receipts, travel schedules, receipts and records, trucker log books and storage records, such as storage locker receipts and safety deposit box rental records;

    e. Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which constitute evidence of customers, distributors, conspirators, and potential witnesses of the TARGET OFFENSES.